**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lorna Clause,<br><br>        Plaintiff,<br><br>vs.<br><br>Sedgwick Claims Management Services, Inc., et al.,<br><br>        Defendants. | No. CIV 15-388-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, or in the Alternative, to Transfer Venue (Doc. 15) filed by Defendants Sedgwick Claims Management Services, Inc. (Sedgwick") and Ascension Health Alliance ("Ascension") (collectively, "Defendants"). The Court declines to schedule this matter for argument. See LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:367 ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion.").

*Factual and Procedural History*[1]

Plaintiff Lorna Sue Clause ("Clause") was employed as a Patient Care Technician for Carondelet. Because of two shoulder surgeries, calcifying tendonitis, supraspinatus tendon tear shoulder impingement and trapezius pain, Clause has been unable to work since August

---

[1]For purposes of this Motion to Dismiss, the facts are taken from the First Amended Complaint (Doc. 14).

2012 as a Patient Care Technician.

Clause applied for disability benefits through the Ascension Long-Term Disability Plan ("Plan"). The Plan is administered through Ascension and Sedgwick provides benefits and performs as the Claim Administrator of the Plan. Clause's claim for long-term disability benefits was accepted, reflecting an onset of disability by August 2012.

Following an initial termination of benefits and a successful appeal, Clause's benefits were again terminated on November 18, 2014. By letter of January 8, 2015, Defendants again terminated Clause's benefits without mentioning its previous November 18, 2014, termination letter – the rationale for the termination of benefits was modified.

Clause appealed the termination of her benefits. Defendants confirmed the termination of benefits, but again modified its rationale for the termination of benefits.

Clause initiated this action seeking declaratory relief, to recover benefits and enforce her rights under the Plan, and to obtain equitable relief.[2]

Defendants filed their Motion to Dismiss, or in the Alternative, to Transfer Venue (Docs. 15 and 16).[3] A response and a reply have been filed.

*Forum Selection Clause*

Defendants claim that venue is improper in this Court because the forum selection clause contained in the Plan identifies the United States District Court for the Eastern District of Missouri as the exclusive venue for any claim "relating to or arising under" the Plan. Motion, Ex. A, § 9.20 (Doc. 16-1). Defendants assert that, absent exceptional circumstances,

---

[2]Although the First Amended Complaint requests supplemental relief pursuant to "1131(a)(3)." there is no such provision. Indeed, 29 U.S.C. § 1131 addresses criminal remedies. The Court accepts Clause's reference to "1131(a)(3)" as a reference to 29 U.S.C. § 1132(a)(3) which provides for injunctive and equitable relief.

[3]This motion supersedes the prior Motion to Dismiss filed by Sedgwick. The Court will deny the superseded motion as moot.

the forum selection clause is mandatory and must be enforced. Further, Defendants assert Clause has not and cannot show exceptional circumstances. Clause asserts, however, that when Congress has granted a plaintiff the a right to choose venue in a statute, as in the venue provision of the Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. § 1132(e)(2), a defendant may not restrict or alter that statute's special venue provision through contract.[4]

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, — U.S. — , 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013). "First, the plaintiffs choice of forum merits no weight ..., as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. at 582. Second, the district court should not "consider arguments about the parties' private interests." *Id*. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. A district court is to only consider arguments regarding public-interest factors. *Id*. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations." *Id*.

The enforceability of forum selection clauses is governed by federal law.

---

[4]Clause points out that the Supreme Court has been asked to make a determination as to whether the policy considerations underlying ERISA's venue provision preclude enforcement of forum selection clauses that plan administrators include in ERISA plans. Since the filing of the response, the Supreme Court has denied review. *Smith v. Aegon Companies Pension Plan*, 2016 WL 100358 (Mem) (Jan. 11, 2016).

*Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir.1988). A forum selection clause is presumptively valid and "should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) ("Although *Bremen* is an admiralty case, its standard has been widely applied to forum selection clauses in general."). To avoid the application of a forum selection clause, the party opposing its enforcement must show that it is unreasonable under the circumstances. *M/S Bremen*, 407 U.S. at 10; *see also Manetti-Farrow,* 858 F.2d at 514-15. The enforcement of a forum selection clause is unreasonable where: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party objecting to the clause would effectively be deprived of his day in court if the clause is enforced; and (3) the enforcement of the clause would "contravene a strong public policy of the forum in which suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citations omitted). Forum selection clauses are also evaluated for fundamental fairness. To determine whether a forum selection clause is fundamentally fair, and thus enforceable, courts consider the absence of a bad-faith motive, the absence of fraud or overreaching, and notice of the forum provision. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir.1992)).

In this case, Clause asserts that Defendants concealed an oppressive change of venue clause in the Plan documents to cause participants, including Clause, to lack a judicial remedy without obtaining counsel and engaging in litigation away from their home state. However, information regarding the forum selection clause was not only included in the Plan, Motion, Ex. A, § 9.20 (Doc. 16-1), it was also included in the Summary Plan Description ("SPD"). After discussing administrative remedies, including an appeal of a denial of benefits, the SPD discusses other recourses available to someone seeking to challenge a denial of benefits. The SPD informs the reader he/she has right to bring a civil action under Section 502(a) of ERISA, he/she may have other voluntary alternative dispute resolution

- 4 -

options, he/she may contact the U.S. Department of Labor office and your state insurance regulatory agency for information as to options available, and he/she could contact the Employee Benefits Security Administration (providing a contact number). The SPD then states:

> **The Plan contains a forum selection clause, which requires that any action relating to or arising under this Plan shall be brought in and resolved only in the U.S. District Court for the Eastern District of Missouri, and in any courts in which appeals from that court are heard.**

Motion, Ex. C, SPD, p. 22 (Doc. 16-3). Additionally, Defendants assert the SPD is posted on the Carondelet Health Network benefits website, and participants are notified that an SPD is available upon request at any time from the benefits department. The Court finds there is no evidence of a bad-faith motive by Defendants, fraud or overreaching. Moreover, as the clause is included in both the Plan and the SPD, the Court finds Plan and the SPD provided sufficient notice of the forum selection clause. *See e.g. Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 908 (9th Cir. 2009) (there is no duty on plan administrators to "inform participants separately of provisions already contained in the SPD").

Here, the forum selection clause removes any uncertainty about where jurisdiction lies, thus avoiding confusion regarding venue selection. Moreover, since it is arguably more cost efficient for Defendants to litigate in Missouri, those savings could be passed along to the Plan itself. *See Cent. States, Southeast and Southwest Areas Pension Fund v. O'Brien & Nye Cartage Co.*, No. 06-4988, 2007 WL 625430, at *3 (N.D. Ill. Feb. 22, 2007) (finding that "[t]he purpose of including the venue selection clauses is obviously to allow for the Trustees to better exercise efficient administration of the Funds by reducing cost associated with litigating claims against multiple employers . . . ."). Additionally, lead counsel for Defendants are located in Missouri. Clause argues, however, that the restrictive forum selection clause would require her to litigate in a venue that is more than 1000 miles from her home and most recent place of work and in a venue with which Clause has no connection. Further, Clause asserts that her disability has already worked a substantial financial hardship

upon her and litigating in Missouri, where she cannot afford to travel to hearings, would present an oppressive burden. Clause also asserts that she would be unable to have her current counsel represent her and it would be burdensome to retain another attorney to represent her in Missouri.[5] In other words, Clause asserts that enforcement of the forum selection clause would deprive her of her day in court. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (refusing to enforce forum selection clause where party's substantial "physical and financial limitations" would preclude him from having "his day in court").

Initially, the Court notes that it is more than likely that neither Clause nor her attorney would be required to travel to Missouri; ERISA cases are normally decided by cross-motions and without the need for trial or discovery. *See, e.g., Russell v. Comcast Corp.*, 381 Fed.Appx. 657 (9th Cir. 2010). Further, even if Clause could obtain discovery in this case, any information that Clause could theoretically discover would likewise be located in Missouri, making travel possible no matter where the case is litigated. Additionally, if a trial were to occur, Clause could then seek a transfer of venue back to this district, based on her inability to appear in Missouri. 28 U.S.C. § 1404(a) (allowing the court to "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice"). *See e.g. Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F.Supp.2d 855, 862 (N.D.Cal. 2010). Further, these factors address Clause's personal interests, which the *Atl. Marine Const. Co., Inc.*, Court stated should not be considered. "Enforcement of the forum selection clause [] will not deprive [Clause] of [her] day in court." *Rodriguez*, 716 F.Supp.2d at 862.

Additionally, the record fails to establish that the enforcement of the forum selection clause would "contravene a strong public policy of the forum in which suit is brought."

---

[5]Defendants point out that out-of-state counsel are regularly admitted *pro hac vice* to litigate on behalf of their clients against the Plan without any need for local counsel and without the need for physical appearances.

- 6 -

*Bremen*, 407 U.S. at 15. Rather, as another district court has stated:

> Enforcement of the forum selection clause in this case, moreover, actually furthers one of the purposes of ERISA by 'bring[ing] a measure of uniformity in an area where decisions under the same set of facts may differ' as a result of geographic location. . . . (quoting H.R. Rep. No. 93-533 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4650). The forum selection clause contained in [the] LTD Plan allows one federal court to oversee the administration of the LTD Plan and gain special familiarity with the LTD Plan Document, thereby furthering ERISA's goal of establishing a uniform administrative scheme.

*Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430 (S.D.N.Y. 2007). Although Clause argues that public policy requires fiduciaries to "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries" and "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter," 29 U.S.C. § 1104(a)(1)(D), and the enforcement of the forum selection clause would violate that fiduciary duty. The interests of all participants and beneficiaries are benefitted by bringing uniformity to ERISA decisions.

Lastly, the Court does not find Clause's argument that *Boyd v. Grand Trunk W. R. Co.*, 338 U.S. 263 (1949), and similar cases should govern the enforceability of forum selection clauses in ERISA cases. Rather, *Boyd* did not involve a forum selection clause in an ERISA case. The Court agrees with Defendants that, not only have the rules governing the validity of forum selection clauses been relaxed, *see* 7 Williston on Contracts § 15:15 (4th ed.), but the venue statute in *Boyd* was mandatory, while the ERISA venue provision has permissive language. Further, the federal governing statute has been broadened since *Boyd*. Additionally, the Ninth Circuit was discussing an arbitration clause in a contract case in *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011), which is relied upon by Clause. The Ninth Circuit has recognized that "in the past, [it has] expressed skepticism about the arbitrability of ERISA claims, *see Amaro v. Cont'l Can Co.*, 724 F.2d 747, 750 (9th Cir.1984), but those doubts seem to have been put to rest by the Supreme Court's opinions in [*Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987)] and [*Rodriguez*

*de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 481 (1989)]." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1100 (9th Cir. 2006). As an arbitration clause is similar to a specialized forum selection clause, *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 932 (6th Cir. 2014), it is difficult to conclude that *Smallwood* should govern in this case.

The Court finds Clause has failed to overcome the strong presumption in favor of enforcing forum selection clauses. Further, Clause has not set forth any basis for which this Court should schedule an evidentiary hearing, as requested by Clause, to determine whether the forum selection clause was included in the Plan for a motive contrary to public policy.

*Dismiss or Transfer*

Because Clause would likely incur additional costs should this Court dismiss this case rather than transfer venue, the Court will deny the Motion to Dismiss, but will grant the Motion to Transfer Venue.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss, or in the Alternative, to Transfer Venue (Doc. 10) is DENIED AS MOOT.
2. The Motion to Dismiss, or in the Alternative, to Transfer Venue (Doc. 15) is GRANTED IN PART AND DENIED IN PART.
3. The Clerk of Court shall transfer this matter to the United States District Court for the Eastern District of Missouri.

DATED this 15th day of January, 2016.

_____
Cindy K. Jorgenson
United States District Judge

- 8 -